UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRACEY MOON,<br><br>                      Plaintiff,<br><br>    v.<br><br>WYNN LAS VEGAS, LLC, et al.,<br><br>                    Defendants. | Case No. 2:12-cv-00745-MMD-VCF<br><br>ORDER<br><br>(Defs' Motion to Dismiss – dkt. no. 11;<br>Plf.'s Cross Motion to Waive Cost Bond<br>– dkt. no. 14) |

**I.    SUMMARY**

Before the Court is Defendants' Wynn Las Vegas, LLC, Wynn Las Vegas Capital Corp. and Wynn Resorts Limited's Motion to Dismiss for Failure to File Non-Resident Cost Bond. (Dkt. no. 11.) Also before the Court is Plaintiff Tracey Moon's Cross-Motion to Waive Cost Bond. (Dkt. no. 14.) For the reasons discussed below, Defendants' motion is denied and Plaintiff's motion is granted.

**II.    DISCUSSION**

NRS 18.130 provides that a non-resident plaintiff may be required to post a cost bond of $500 upon written demand by the defendant. After the lapse of thirty (30) days from service of the written demand and if plaintiff fails to post the cost bond, the Court may order dismissal of the action. NRS § 18.130(4). The decision to require a cost bond or to dismiss for failure to post the bond is within the Court's discretion. *Brion v. Union Plaza Corp.*, 763 P.2d 64 (Nev. 1988).

Here, three Defendants collectively demanded posting of the cost bond in the amount of $1500.00 ($500.00 per defendant). (Dkt. no 4.) Plaintiff did not post the cost bond or seek judicial relief before the lapse of thirty (30) days. Defendants moved to dismiss the Complaint. (Dkt. no. 11.) Plaintiff opposed the motion and filed a cross-motion to waive the bond claiming via declaration that she is financially unable to post the bond. (Dkt. no. 14.) Plaintiff subsequently posted a cash bond in the amount of $500.00 with the Clerk of the Court. (Dkt. no. 16.) Because Plaintiff has posted part of the cost bond, the Court will construe Plaintiff's motion as a request to waive the remaining bond amount.

Defendants argue that plaintiff is required to post the bond and the failure to post the bond requires dismissal. (Dkt. no. 13 at 1-2.) This statement of law is patently incorrect. The word "may" in the statute clearly indicates that it is within this Court's discretion whether to require the bond or dismiss the case.

Defendants rely on *Arrambide v. St. Mary's Hosp., Inc.*, 647 F.Supp. 1148, 1149 (D. Nev. 1986) to argue that the Court must make a finding that plaintiff is indigent to waive the bond and Plaintiff should have submitted a sworn affidavit, not a declaration, to establish indigent status. However, *Arrambide* is distinguishable because plaintiff in that case was seeking to proceed *in forma pauperis*. Here, Plaintiff only seeks waiver of the cost bond. While the declaration does not state that Plaintiff was making the statements under penalty of perjury, she did attest to the truth of her statements in the declaration.

The Court finds that Plaintiff has demonstrated good cause for part of the bond to be waived. Plaintiff has posted one-third of the cost bond. She has demonstrated that requiring the full bond would pose a financial hardship. Under these circumstances, the Court finds that dismissal is not proper.

**III.     CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (dkt. no. 11) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Cross Motion (dkt. no. 14) is GRANTED.

DATED THIS 24th day of January 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE